UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


LARRY PRYOR,

        Plaintiff,                         Hon. Robert Holmes Bell

v.                                           Case No. 1:13-CV-790

COMMISSIONER OF SOCIAL
SECURITY,

        Defendant.
_____/


**REPORT AND RECOMMENDATION**

        This is an action pursuant to Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), to review a final decision of the Commissioner of Social Security denying Plaintiff's claim for Disability Income Benefits (DIB) and Supplemental Security Income (SSI) benefits under Titles II and XVI of the Social Security Act. Section 405(g) limits the Court to a review of the administrative record, and provides that if the Commissioner's decision is supported by substantial evidence, it shall be conclusive. Pursuant to 28 U.S.C. § 636(b)(1)(B), authorizing United States Magistrate Judges to submit proposed findings of fact and recommendations for disposition of social security appeals, the undersigned recommends that the Commissioner's decision be **affirmed**.

## **STANDARD OF REVIEW**

The Court's jurisdiction is confined to a review of the Commissioner's decision and of the record made in the administrative hearing process. *See Willbanks v. Sec'y of Health and Human Services*, 847 F.2d 301, 303 (6th Cir. 1988). The scope of judicial review in a social security case is limited to determining whether the Commissioner applied the proper legal standards in making her decision and whether there exists in the record substantial evidence supporting that decision. *See Brainard v. Sec'y of Health and Human Services*, 889 F.2d 679, 681 (6th Cir. 1989).

The Court may not conduct a de novo review of the case, resolve evidentiary conflicts, or decide questions of credibility. *See Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). It is the Commissioner who is charged with finding the facts relevant to an application for disability benefits, and her findings are conclusive provided they are supported by substantial evidence. *See* 42 U.S.C. § 405(g). Substantial evidence is more than a scintilla, but less than a preponderance. *See Cohen v. Sec'y of Dep't of Health and Human Services*, 964 F.2d 524, 528 (6th Cir. 1992) (citations omitted). It is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *See Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Bogle v. Sullivan*, 998 F.2d 342, 347 (6th Cir. 1993). In determining the substantiality of the evidence, the Court must consider the evidence on the record as a whole and take into account whatever in the record fairly detracts from its weight. *See Richardson v. Sec'y of Health and Human Services*, 735 F.2d 962, 963 (6th Cir. 1984).

As has been widely recognized, the substantial evidence standard presupposes the existence of a zone within which the decision maker can properly rule either way, without judicial interference. *See Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (citation omitted). This

standard affords to the administrative decision maker considerable latitude, and indicates that a decision supported by substantial evidence will not be reversed simply because the evidence would have supported a contrary decision.  *See Bogle*, 998 F.2d at 347; *Mullen*, 800 F.2d at 545.

## PROCEDURAL POSTURE

Plaintiff was 51 years of age on his alleged disability onset date.  (Tr. 169-81).  He successfully completed high school and worked previously as a forklift operator and inventory control specialist.  (Tr. 22, 34).  Plaintiff applied for benefits on June 28, 2010, alleging that he had been disabled since June 16, 2010, due to neuropathy, lumbago, sarcoidosis, arthrodesis, degenerative disc disease, hypothyroidism, neck injury, insomnia, high stress, depression, chest pain, and plantar fasciitis.  (Tr. 169-81, 199).

Plaintiff's application was denied, after which time he requested a hearing before an Administrative Law Judge (ALJ).  (Tr. 86-168).  On February 13, 2012, Plaintiff appeared before ALJ Edward Studzinski, with testimony being offered by Plaintiff and a vocational expert.  (Tr. 28-71).  In a written decision dated March 22, 2012, the ALJ determined that Plaintiff was not disabled.  (Tr. 14-23).  The Appeals Council declined to review the ALJ's determination, rendering it the Commissioner's final decision in the matter.  (Tr. 1-7).  Plaintiff subsequently initiated this pro se appeal pursuant to 42 U.S.C. § 405(g), seeking judicial review of the ALJ's decision.

## RELEVANT MEDICAL EVIDENCE

On June 12, 2006, Plaintiff was examined by Dr. Patrick Ronan.  (Tr. 292-97).  Plaintiff reported that he was experiencing low back pain, neck pain, pain in both shoulders, and

right knee pain. (Tr. 292-93). Following a physical examination, the doctor concluded that Plaintiff "presents with a multitude of complaints, but nothing on examination to implicate significant pathology related to any of his complaints." (Tr. 293-97).

On June 8, 2008, Dr. Troy Thompson completed an assessment of Plaintiff's "ability to do physical work-related activities." (Tr. 298-301). The doctor reported that during an 8-hour workday, Plaintiff could sit for four hours, stand for one hour, and walk for 30 minutes. (Tr. 298). The doctor reported that Plaintiff required a sit-stand option. (Tr. 298). The doctor reported that Plaintiff could "frequently" lift/carry five pounds and could "occasionally" lift/carry 20 pounds. (Tr. 298). The doctor reported that Plaintiff could "occasionally" reach above shoulder level, but could "never" stoop, squat, kneel, crouch, or crawl. (Tr. 299). The doctor reported that Plaintiff could "frequently" perform handling and fingering activities with his hands. (Tr. 299).

On January 16, 2009, Plaintiff was examined by Dr. Daniel Margules. (Tr. 313-14). Plaintiff reported he was experiencing neck and back pain. (Tr. 313). An examination of Plaintiff's spine revealed "full" range of motion with "no scoliosis noted." (Tr. 313). Straight leg raising was negative and "no weaknesses [were] noted." (Tr. 313). Plaintiff was instructed to take Motrin and perform low back pain exercises. (Tr. 314).

Treatment notes dated February 23, 2009, indicate that Plaintiff exhibited "negative" straight leg raising and "full range of motion" in his shoulders, elbows, and wrists, as well as "normal grip strength." (Tr. 309).

On August 26, 2010, Plaintiff was examined by Dr. Michael Jacobson. (Tr. 459-62). Plaintiff reported that he was unable to work due to "neuropathy [of his] bilateral lower extremities, sarcoidosis of the lungs, arthrodesis [of an] unknown area, degenerative disc disease, arthritis of the

4

neck and low back, hypothyroidism, insomnia, chest pain, plantar fasciitis, and erectile dysfunction."

(Tr. 459).  A physical examination revealed the following:

> NECK:  Supple with no thyroid masses or goiter.  No bruits are appreciated over the carotid arteries.  There is no lymphadenopathy.
>
> CHEST:  AP diameter is grossly normal.  Lungs are clear to auscultation without any adventitious sounds.  The patient has no chest pain today on examination with exertion or exercise or shortness of breath.
>
> HEART:  Normal S1 and S2 is heard.  No murmurs or gallop are appreciated.  The heart does not appear to be enlarged clinically.  The PMI is not displaced.
>
> ABDOMEN:  Soft and non tender without distention.  There are no masses felt, nor is there enlargement of the spleen or liver.
>
> EXTREMITIES AND MUSCULOSKELETAL:  The arms were measured for scoliosis.  His right arm measures 36.5 inches and his left arm measures 37 inches.  Patient's known height is 67 inches.  Range of motion was decreased in the lumbar spine, with mild to moderate pain with range of motion testing.  Straight leg raising test was negative.  There is no paravertebral muscle spasm.  Peripheral pulses are easily palpated and symmetrical.  There is no edema.  There is no evidence of varicose veins.  Grip strength is intact.  The hands have full dexterity.  The patient had no difficulty getting on and off the examination table.
>
> NEURO: Motor strength is 5/5 throughout.  Sensation remains intact.  Reflexes were present and symmetrical.  The patient is alert and oriented times three.

(Tr. 460-61).  The doctor concluded as follows:

> The patient does have some elevated blood pressure today on physical examination and was told to follow-up with his primary care doctor.  He does not have any chest pain or respiratory distress or cardiovascular distress on examination.  He is able to go through range of motion exercises with mild restriction in range of motion of the lumbar spine with pain on range of motion of the lumbar spine with flexion.  All other range of motions are intact.  There is a mild

> right-sided thoracic scoliotic curve and also leftward curve. Motor strength and sensation are intact, normal and symmetrical. The patient's fine motor skills are also intact. The patient does have pain today on examination only of the back. He does not appear to be in any hypertensive or cardiovascular or respiratory crisis. The patient does not appear overly fatigued and is able to follow the examiner without any circumferential thought. He does not appear to have any issues with ambulation today and does not require the use of an assistive walking device.

(Tr. 462).

On September 14, 2010, Plaintiff was examined by Dr. Mark O'Brien. (Tr. 467). Plaintiff reported that he was experiencing neck and low back pain. (Tr. 467). A physical examination revealed the following:

> Lumbar spine is straight, flat. There is some tenderness over the lumbar spine, mild to moderate. Muscle strength throughout the extremities is normal. Deep tendon reflexes not elicited in the arms; in the legs it is normal. Muscle strength in the legs is normal and gait is normal. He gets up and down from the exam table a little bit slowly. Straight leg raise to approximate 45 degrees bilaterally.

(Tr. 467).

On February 17, 2011, Plaintiff was examined by Dr. O'Brien. (Tr. 494). Plaintiff reported that he was experiencing "problems with his shoulders, back, joints, legs with arthritis, arthralgias." (Tr. 494). A physical examination revealed the following:

> Mild tenderness on flexion-extension and rotation of the left shoulder, no crepitation on motion. Did have some direct tenderness to palpation of the shoulder and over the epitrochlear area, no deformities seen. Muscle strength is normal.

(Tr. 494).

Treatment notes indicate that Plaintiff began participating in physical therapy on June 6, 2011. (Tr. 477-78). Treatment notes dated July 5, 2011, indicate that Plaintiff was discharged from physical therapy because he stopped attending. (Tr. 475).

## ANALYSIS OF THE ALJ'S DECISION

The social security regulations articulate a five-step sequential process for evaluating disability. *See* 20 C.F.R. §§ 404.1520(a-f), 416.920(a-f).[1] If the Commissioner can make a dispositive finding at any point in the review, no further finding is required. *See* 20 C.F.R. §§ 404.1520(a), 416.920(a). The regulations also provide that if a claimant suffers from a nonexertional impairment as well as an exertional impairment, both are considered in determining his residual functional capacity. *See* 20 C.F.R. §§ 404.1545, 416.945.

The burden of establishing the right to benefits rests squarely on Plaintiff's shoulders, and he can satisfy his burden by demonstrating that his impairments are so severe that he is unable to perform his previous work, and cannot, considering his age, education, and work experience, perform any other substantial gainful employment existing in significant numbers in the national

---

[1] 1. An individual who is working and engaging in substantial gainful activity will not be found to be "disabled" regardless of medical findings (20 C.F.R. 404.1520(b));

2. An individual who does not have a "severe impairment" will not be found "disabled" (20 C.F.R. 404.1520(c));

3. If an individual is not working and is suffering from a severe impairment which meets the duration requirement and which "meets or equals" a listed impairment in Appendix 1 of Subpart P of Regulations No. 4, a finding of "disabled" will be made without consideration of vocational factors (20 C.F.R. 404.1520(d));

4. If an individual is capable of performing work he or she has done in the past, a finding of "not disabled" must be made (20 C.F.R. 404.1520(e));

5. If an individual's impairment is so severe as to preclude the performance of past work, other factors including age, education, past work experience, and residual functional capacity must be considered to determine if other work can be performed (20 C.F.R. 404.1520(f)).

economy. *See* 42 U.S.C. § 423(d)(2)(A); *Cohen*, 964 F.2d at 528. While the burden of proof shifts to the Commissioner at step five of the sequential evaluation process, Plaintiff bears the burden of proof through step four of the procedure, the point at which his residual functioning capacity (RFC) is determined. *See Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987); *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997) (ALJ determines RFC at step four, at which point claimant bears the burden of proof).

The ALJ determined that Plaintiff suffered from: (1) degenerative disc disease/degenerative joint disease of the cervical and lumbar spine, and (2) osteoarthritis, severe impairments that whether considered alone or in combination with other impairments, failed to satisfy the requirements of any impairment identified in the Listing of Impairments detailed in 20 C.F.R., Part 404, Subpart P, Appendix 1. (Tr. 17-18).

With respect to Plaintiff's residual functional capacity, the ALJ determined that Plaintiff retained the capacity to perform work subject to the following limitations: (1) he can lift 20 pounds occasionally and 10 pounds frequently; (2) he can sit for six hours during an 8-hour workday; (3) he can stand/walk for six hours during an 8-hour workday; (4) he can only occasionally stoop, kneel, crouch, crawl, or climb ladders, ropes, or scaffolds; (5) he must be able to alternate his position every hour; (6) if he is required to stand for 60 minutes, he must be able to sit for five minutes before standing for sixty minutes again; (7) if he is required to sit for 60 minutes, he must be able to stand for five minutes before sitting for sixty minutes again; and (8) he can remain on task when shifting positions. (Tr. 18-19).

A vocational expert testified that if Plaintiff were limited to the extent reflected in the ALJ's RFC determination, Plaintiff would still be able to perform his past relevant work as a forklift

operator and inventory control specialist. (Tr. 63-67). Based on this testimony, the ALJ concluded that Plaintiff was not entitled to disability benefits.

I.        **The ALJ's Assessment of the Medical Opinions is Supported by Substantial Evidence**

Plaintiff first faults the ALJ for failing to afford proper weight to the medical evidence. Plaintiff has failed to identify the medical evidence in question or otherwise develop this particular argument. Nevertheless, the Court interprets Plaintiff's pleading as asserting the claim that the ALJ failed to defer to the opinions of his treating physicians.

The treating physician doctrine recognizes that medical professionals who have a long history of caring for a claimant and his maladies generally possess significant insight into his medical condition. *See Barker v. Shalala*, 40 F.3d 789, 794 (6th Cir. 1994). An ALJ must, therefore, give controlling weight to the opinion of a treating source if: (1) the opinion is "well-supported by medically acceptable clinical and laboratory diagnostic techniques" and (2) the opinion "is not inconsistent with the other substantial evidence in the case record." *Gayheart v. Commissioner of Social Security*, 710 F.3d 365, 375-76 (6th Cir. 2013) (quoting 20 C.F.R. § 404.1527).

Such deference is appropriate, however, only where the particular opinion "is based upon sufficient medical data." *Miller v. Sec'y of Health and Human Services*, 1991 WL 229979 at *2 (6th Cir., Nov. 7, 1991) (citing *Shavers v. Sec'y of Health and Human Services*, 839 F.2d 232, 235 n.1 (6th Cir. 1987)). The ALJ may reject the opinion of a treating physician where such is unsupported by the medical record, merely states a conclusion, or is contradicted by substantial medical evidence. *See Cohen*, 964 F.2d at 528; *Miller v. Sec'y of Health and Human Services*, 1991

9

WL 229979 at *2 (6th Cir., Nov. 7, 1991) (citing *Shavers v. Sec'y of Health and Human Services*, 839 F.2d 232, 235 n.1 (6th Cir. 1987)); *Cutlip v. Sec'y of Health and Human Services*, 25 F.3d 284, 286-87 (6th Cir. 1994).

If an ALJ accords less than controlling weight to a treating source's opinion, the ALJ must "give good reasons" for doing so. *Gayheart*, 710 F.3d at 376. Such reasons must be "supported by the evidence in the case record, and must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight." This requirement "ensures that the ALJ applies the treating physician rule and permits meaningful review of the ALJ's application of the rule." *Id.* (quoting *Wilson v. Commissioner of Social Security*, 378 F.3d 541, 544 (6th Cir. 2004)). Simply stating that the physician's opinions "are not well-supported by any objective findings and are inconsistent with other credible evidence" is, without more, too "ambiguous" to permit meaningful review of the ALJ's assessment. *Gayheart*, 710 F.3d at 376-77.

If the ALJ affords less than controlling weight to a treating physician's opinion, the ALJ must still determine the weight to be afforded such. *Id.* at 376. In doing so, the ALJ must consider the following factors: (1) length of the treatment relationship and frequency of the examination, (2) nature and extent of the treatment relationship, (3) supportability of the opinion, (4) consistency of the opinion with the record as a whole, (5) the specialization of the treating source, and (6) other relevant factors. *Id.* (citing 20 C.F.R. § 404.1527). While the ALJ is not required to explicitly discuss each of these factors, the record must nevertheless reflect that the ALJ considered those factors relevant to his assessment. *See, e.g., Oldham v. Astrue*, 509 F.3d 1254, 1258 (10th Cir. 2007); *Undheim v. Barnhart*, 214 Fed. Appx. 448, 450 (5th Cir., Jan. 19, 2007).

As noted above, the majority of the medical evidence supports the ALJ's RFC determination and conclusion that Plaintiff is not disabled. Dr. Thompson, however, reported that Plaintiff experienced slightly greater limitations than recognized by the ALJ. Specifically, Dr. Thompson reported that during an 8-hour workday, Plaintiff could sit for four hours, stand for one hour, and walk for 30 minutes. The doctor also reported that Plaintiff could occasionally lift/carry 20 pounds, but could "frequently" lift/carry only five pounds. The doctor reported that Plaintiff could "occasionally" reach above shoulder level, but could "never" stoop, squat, kneel, crouch, or crawl. The ALJ afforded "little weight" to Dr. Thompson's opinion, however, on the ground that such was inconsistent with the medical evidence, including Dr. Thompson's own treatment notes. (Tr. 21, 368-426, 468-78). This determination is supported by substantial evidence. Accordingly, this argument is rejected.

**II.        Plaintiff Does Not Satisfy Rule 201.06 of the Medical-Vocational Guidelines**

The medical-vocational guidelines, also known as the "grids," consider four factors relevant to a particular claimant's employability: (1) residual functional capacity, (2) age, (3) education, and (4) work experience. 20 C.F.R., Part 404, Subpart P, Appendix 2. Social Security regulations provide that "[w]here the findings of fact made with respect to a particular individual's vocational factors and residual functional capacity coincide with all the criteria of a particular rule, the rule directs a conclusion as to whether the individual is or is not disabled." 20 C.F.R., Part 404, Subpart P, Appendix 2, § 200.00. In other words, a claimant may be awarded benefits if he satisfies the requirements of one of the particular rules correlating to a finding of disability. *See Russell v. Commissioner of Social Security*, 20 F. Supp.2d 1133, 1134 (W.D. Mich. 1998).

Plaintiff asserts that he is entitled to benefits because he satisfies Rule 201.06 of the medical-vocational guidelines. Plaintiff's argument fails for two reasons. First, the particular rule is applicable to claimants of "advanced age" (i.e., age 55 or older). *See* 20 C.F.R., Part 404, Subpart P, Appendix 2, § 200.00(f). As of the date of the ALJ's decision, however, Plaintiff was 53 years of age. Thus, Rule 201.06 is not applicable in this matter. More significantly, the grids are not utilized until step five of the sequential evaluation process. *See, e.g., Lee v. Commissioner of Social Security*, 529 Fed. Appx. 706, 714 (6th Cir., July 9, 2013). The ALJ in this instance, however, resolved Plaintiff's claim at step four of the sequential process, finding that Plaintiff retained the ability to perform his past relevant work. Because Plaintiff's claim was resolved prior to step five of the sequential process, the grids have no applicability in this matter.

### III.        Plaintiff is Not Entitled to Remand

When he appealed the ALJ's decision to the Appeals Council, Plaintiff submitted evidence that he had not first presented to the ALJ. (Tr. 5, 506-45). Furthermore, Plaintiff has submitted to this Court additional medical evidence that was not first presented to the ALJ. (Dkt. #17, 19). This Court cannot consider any evidence that was not first presented to the ALJ. *See Cline v. Commissioner of Social Security*, 96 F.3d 146, 148 (6th Cir. 1996); *Bass v. McMahon*, 499 F.3d 506, 512-13 (6th Cir. 2007). However, if Plaintiff can demonstrate that the evidence in question is new and material, and that good cause existed for not presenting it in the prior proceeding, the Court can remand the case for further proceedings during which this new evidence can be considered. *Cline*, 96 F.3d at 148. Plaintiff bears the burden of making these showings. *See Hollon ex rel. Hollon v. Commissioner of Social Security*, 447 F.3d 477, 483 (6th Cir. 2006).

To establish good cause, Plaintiff must "demonstrate a reasonable justification for the failure to acquire and present the evidence for inclusion in the hearing before the ALJ." *Courter v. Commissioner of Social Security*, 479 Fed. Appx. 713, 725 (6th Cir., May 7, 2012). Moreover, the "mere fact that evidence was not in existence at the time of the ALJ's decision" does not satisfy the good cause standard. The Sixth Circuit "takes a harder line on the good cause test with respect to timing and thus requires that the claimant give a valid reason for his failure to obtain evidence prior to the hearing." *Id.* To satisfy the materiality requirement, Plaintiff must show that there exists a reasonable probability that the Commissioner would have reached a different result if presented with the new evidence. *Sizemore v. Secretary of Health and Human Serv's*, 865 F.2d 709, 711 (6th Cir. 1988).

The evidence in question reveals the following. Treatment notes dated December 13, 2011, indicate that Plaintiff's back pain was "relieved" with his prescribed medications. (Tr. 509). Following an April 16, 2012 examination, Plaintiff's doctor described Plaintiff's back pain as "mild-moderate." (Tr. 517). X-rays of Plaintiff's lumbar spine, taken September 20, 2012, revealed "degenerative changes" of the lower lumbar spine. (Dkt 17).

On December 14, 2013, Dr. John MacCurt completed a report regarding Plaintiff's "ability to do physical work-related activities." (Dkt. 19). The doctor reported that Plaintiff could continuously sit for two hours, stand for 30 minutes, and walk for 30 minutes. The doctor reported that during and 8-hour workday, Plaintiff could sit for five hours, stand for 90 minutes, and walk for 90 minutes. The doctor also reported that Plaintiff required a sit-stand option. The doctor reported that Plaintiff could "frequently" lift/carry 10 pounds and could "occasionally" lift/carry 20 pounds. The doctor reported that Plaintiff could "frequently" reach above shoulder level with either of his

upper extremities and could "occasionally" stoop, squat, kneel, crouch, crawl, and climb ramps/stairs. The doctor reported that Plaintiff could "frequently" perform handling, fingering, feeling, and pushing/pulling operations with his upper extremities.

Plaintiff has failed to advance any argument demonstrating good cause for his failure to present the evidence in question to the ALJ. Even if the Court assumes that Plaintiff could establish good cause for his failure to secure and present this evidence to the ALJ, the Court is not persuaded that consideration of the evidence in question would have resulted in a different outcome. Accordingly, the Court is precluded from considering the evidence in question and, furthermore, there exists no basis for remanding this matter for its further consideration.

Finally, in light of Plaintiff's pro se status, the Court has thoroughly reviewed the record to determine whether the ALJ's decision in this matter is in any way defective or deficient. This review has revealed nothing which calls into question the ALJ's decision making process, the legal standards he applied, or the substantiality of the evidence in support of his decision. Accordingly, the Court concludes that the ALJ's determination that Plaintiff is not disabled is supported by substantial evidence.

## CONCLUSION

For the reasons articulated herein, the undersigned concludes that the ALJ's decision adheres to the proper legal standards and is supported by substantial evidence. Accordingly, it is recommended that the Commissioner's decision be **affirmed**.

OBJECTIONS to this report and recommendation must be filed with the Clerk of Court within fourteen (14) days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C).

Failure to file objections within such time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

                          Respectfully submitted,


Date:  August 29, 2014                   /s/ Ellen S. Carmody
                                           ELLEN S. CARMODY
                                           United States Magistrate Judge