UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LARRY JAMES PRYOR,

      Plaintiff,

File No.  1:13-CV-790

v.

HON. ROBERT HOLMES BELL

COMMISSIONER OF SOCIAL
SECURITY,

      Defendant.
      _____/

**MEMORANDUM OPINION AND ORDER ADOPTING
<u>MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION</u>**

This action comes before the Court on Plaintiff Larry James Pryor's objections to the Magistrate Judge's August 29, 2014, Report and Recommendation ("R&R") recommending that the final decision of the Commissioner of Social Security denying Plaintiff's claim for disability insurance benefits ("DIB") and supplemental security income benefits ("SSI") be affirmed.  (ECF No. 25, R&R, ECF No. 27, Obj.)  Plaintiff has also filed a motion for expedited review.  (ECF No. 26.)  This Court is required to make a de novo review upon the record of those portions of the R&R to which objection has been made.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  "[A] general objection to a magistrate's report, which fails to specify the issues of contention, does not satisfy the requirement that an objection be filed.  The objections must be clear enough to enable the district court to discern those issues

that are dispositive and contentious." *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995) (citing *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 508-09 (6th Cir. 1991)).

Plaintiff contends that the ALJ's failure to apply Rule 201.06 of the medical - vocational guidelines is erroneous because it was based on a mistake regarding Plaintiff's age. Plaintiff agrees that this rule applies to claimants of advanced age (55 and older). *See* 20 C.F.R., Part 404, Subpart P, Appendix 2, § 201.00(f). Plaintiff claims, however, that based on his birthdate of September 18, 1958, he was 54 years old at the time of his last hearing and turned 55 before his insured status ran out on September 30, 2013. (Obj. 1.)

The oral hearing was held on February 13, 2012, and the ALJ's hearing decision was entered on March 22, 2012. (ECF No. 7-2, Page ID#42, Page ID#49) Upon review, the Court is satisfied that the Magistrate Judge correctly determined that Plaintiff was 53 years old at the time of the ALJ's decision and was not of "advanced age." Plaintiff has provided no authority for applying Rule 201.06 based on his age when his insured status expired rather than his age on the date of the ALJ's decision. Because Plaintiff was not of advanced age at the time of the decision, the R&R correctly determined that Rule 201.06 had no applicability in this matter. (R&R 12.) Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's objections to the R&R (Dkt. No. 27) are **OVERRULED**.

**IT IS FURTHER ORDERED** that Plaintiff's motion for expedited review (ECF No.26) is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that the August 29, 2014, R&R (Dkt. No. 25) is **APPROVED** and **ADOPTED** as the opinion of the Court.

**IT IS FURTHER ORDERED** that the final decision of the Commissioner of Social Security denying Plaintiff's claim for disability insurance benefits and supplemental security income benefits is **AFFIRMED**.


Dated: September 19, 2014                /s/ Robert Holmes Bell
                                         ROBERT HOLMES BELL
                                         UNITED STATES DISTRICT JUDGE